Kopal Mayberg<br>
vs.<br>
John Broadman et al. } Eq. No. 8216.

December 3, 1929.

WALSH, J. This is a suit in equity asking that a certain mortgage deed, mortgage note and a transfer thereof to respondent Broadman, be declared to be null and void as a cloud upon the title of complainant; also, asking that the respondent Broadman be temporarily and permanently enjoined from foreclosing or attempting to foreclose said mortgage.

November 28, 1905, respondent Rachel Rosenfeld, wife of Leon Rosenfeld, respondent, owned in fee simple the property on the corner of Staniford and Pilgrim Streets in Providence; on that day, she gave to Frank D. McKendall a first mortgage in the sum of $4500 upon said premises thereafter, Rachel Rosenfeld transferred the property to her son-in-law and daughter, Emil Ross and Gertie Ross; on August 18, 1911, Emil and Gertie Ross gave a blanket mortgage for the sum of $14,000 covering several parcels of land and including the Pilgrim parcel to Frank D. McKendall; on March 1, 1913, Gertie Ross and Emil Ross executed a mortgage for the sum of $8,300 covering several parcels of land and including the Pilgrim parcel to one Aaron Nussenfeld of New York City; this third mortgage was subsequently transferred to Jacob Fertig, whose residence does not appear, and on December 6, 1920, Fertig transferred this note and mortgage to respondent Broadman, a son-in-law of the Rosenfelds. This third mortgage for $8,300 is the subject of the present suit.

The first mortgage to McKendall for $4,500 was transferred by McKendall to Ruth Harrington of Killingly, Connecticut, on September 21, 1906; on September 21, 1917, Ruth Harrington started foreclosure proceedings under said first mortgage advertising the sale for October 13, 1917; on October 11, 1917, Frank D. McKendall received a transfer of all the interest of said Ruth Harrington in said note and mortgage McKendall put the property up for sale on October 13, 1917, in accordance with the terms of the Harrington notice and Mayberg bid it in for $7,300, and Mayberg was declared the purchaser; McKendall gave Mayberg a mortgagee's deed of the premises and Mayberg entered into possession and has been occupying the premises since October, 1917. On October 13, 1917, Mayberg gave a mortgage for $4,500 upon said premises to William H. Inman, of Worcester, Mass.

In the fall of 1926, Broadman inserted advertisement of the foreclosure of the third mortgage of $8,300 (dated March 1, 1913), and Mayberg instituted the present proceedings, alleging that said third mortgage was without consideration and was not given for the purpose of securing any advance of money; that it was not given in good faith but for the purpose of hindering, delaying and defrauding the creditors of Leon Rosenfeld and Rachel Rosenfeld and that no demand had ever been made by the original holder or any transferee of said note and mortgage for the payment of principal or interest.

This Court has already decided that the foreclosure sale by McKendall under the advertisement by Ruth Harrington was null and void. Mayberg, therefore, did not receive the legal title to said premises. Equity, however, will subrogate Mayberg to the rights of the original mortgagee. Authorities may differ on the question as to the proper designation of this doctrine but whether subrogation or the doctrine of equitable assignment of the mortgage, the result is the same in the present case. The main question is: "Can an equitable assignee of a mortgage question the validity of a junior incumbrance as a cloud upon his title?"

The testimony in the present case showed conclusively that Leon Rosenfeld was the real owner of this property during all of the transactions involving the same up to the time that Mayberg attempted to bid it in at the foreclosure sale; that he used his daughter and son-in-law, Gertie and Emil Ross, and his wife, Rachel Rosenfeld, with their consent, as holders of the record title; that before the attempted foreclosure, Leon Rosenfeld was in financial difficulty and that this property was encumbered by a number of attachments as well as by the mortgages above set forth; that Leon Rosenfeld went to Mayberg to induce him to bid at this sale. that Leon Rosenfeld at that time, in the presence of McKendall and Mayberg, said, "So far as this mortgage of $8300 is concerned, I have it right here;" that Rosenfeld pulled it out of his pocket and showed it to McKendall; that it was the mortgage for $8,300, the note for the same and a separate discharge of the mortgage and that this statement was not denied by any of the respondents; that, relying upon this information from Leon Rosenberg, Mayberg bid upon the property and paid $7,200 to the auctioneer; that he considered this third mortgage as cancelled, proceeded to improve and rebuild the property, received no demand for either principal or interest for eight years or more, until he stumbled upon the advertisement of foreclosure under this third mortgage. The holder of this third mortgage turns out to be Broadman, Rosenfeld's son-in-law. The greater weight of the testimony is to the effect that this third mortgage was simply a "cover" for Rosenfeld, that there was no consideration for it and that Broadman paid no value for it but was simply allowing his name to be used by his father-in-law. The evidence as to the connection of Rachel Rosenfeld, Max Ross and Gertie Ross in this property is to the same effect. Our conclusion, therefore, is that Mayberg became the equitable assignee in possession of the real estate; that, as such, equity might well charge him with the same duties as a mortgagee under a legal foreclosure. If a legal mortgagee takes possession under the terms of a mortgage, he would be a trustee, not only for the owner of the equity of redemption but for any junior encumbrancer as well. It strikes us that as such trustee he has sufficient title to enable him to challenge the validity of a junior encumbrance.

The relief prayed for is granted.

For complainant: Hogan & Hogan.

For respondents: D. A. Colton.